# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JACK HAFNER,**

    **Plaintiff,**

**v.**
                                                         **Civil Action 2:11-cv-00669**
                                                         **Judge James L. Graham**
                                                          **Magistrate Judge E.A. Preston Deavers**

**K. RUMER,** *et al.*,

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Dismiss for Failure to Prosecute. (ECF No. 12.) For the following reasons, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion and **DISMISS** Plaintiff's claims with prejudice.

Plaintiff brought this action in July 2011, alleging that Defendants were deliberately indifferent to his serious medical needs. The record reflects that Plaintiff was released from prison on February 12, 2012. Despite his release, Plaintiff has failed to inform the Court or Defendants of his current address. Consequently, on March 23, 2012, Defendants moved to dismiss Plaintiff's action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

In light of Defendants' Motion, the Court issued an Order on March 26, 2012 directing Plaintiff to inform the Court of his current address and show cause why this case should not be dismissed for failure to prosecute within fourteen (14) days. The Court cautioned Plaintiff that failure to respond would result in dismissal of Plaintiff's action with prejudice. The Clerk mailed a copy of the Order to Plaintiff at his last known address at the London Correctional

Institution. Although this mailing was returned as undeliverable, the return contained a handwritten address. The record reflects that the Clerk forwarded a copy of the Court's March 26, 2012 to Plaintiff at this handwritten address on or around April 9, 2012. As of the date of this Report and Recommendation, Plaintiff has not responded to Defendants' Motion to Dismiss or the Court's March 26, 2012 Order.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute or comply with rules or court orders is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted).

Plaintiff has an obligation to be diligent in prosecuting his case, which requires Plaintiff to regularly check the docket and to apprise the Court of any changes in his contact information. *See, e.g., Barber v. Runon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (noting that the plaintiff "had an affirmative duty to supply the court with notice of any and all changes in her address"); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Additionally, the United States Court of Appeals for the Sixth Circuit has held "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson

2

can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

In this case, the undersigned finds dismissal for failure prosecute to be appropriate. Since his release from prisoner, Plaintiff has failed to inform the Court of his address. He has also failed to respond to Defendants' Motion to Dismiss and this Court's March 26, 2012 Order. Furthermore, the Court warned Plaintiff, to the extent possible, that failure to respond would result in dismissal. Plaintiff's failure to act under these circumstances suggests that he no longer intends to proceed with this action. Accordingly, it is Recommended that the Court **GRANT** Defendants' Motion Dismiss for Failure to Prosecute (ECF No. 12.) and **DISMISS** Plaintiff's claims with prejudice.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at 6996 Clifton Ave., Russellville, Ohio, 45168.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 25, 2012 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge